UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 56-CR-71-1 |
| | : | Judge John Garrett Penn |
| FRANKLIN FRYE | : | |
| | : | |

## MOTION FOR UNCONDITIONAL RELEASE
## PURSUANT TO D.C. CODE SECTION 24-501(k)

Comes now the acquittee pursuant to D.C. Code § 24-501(k) and respectfully moves this Honorable Court to release him from his commitment to Saint Elizabeths Hospital under such minimal conditions as are necessary based on the record.

In support of this motion, the acquittee, upon information and belief, states as follows:

1. Mr. Frye has recovered his sanity and no longer suffers from a mental illness as defined by law.

2. Even if he is still mentally ill, he has recovered sufficiently from his illness that he would not in the reasonable future be dangerous to himself or others by reason of mental illness if released.

3. Should this Court determine that Mr. Frye does not meet either of the above criteria for unconditional release, it must nevertheless determine the least restrictive conditions of release under which the acquittee would not pose a danger to himself or others by reason of mental illness.

4. Mr. Frye submits, without conceding unfitness for unconditional release, that he has sufficiently recovered his sanity that he would not be dangerous to himself or others if released under one or more of the following conditions:

(a) That he reside in housing that he would locate with the assistance of his case manager and attorney;

(b) That he enroll in a core services agency that contracts with the Department of Mental Health for the purpose of receiving outpatient psychiatric treatment, including medication;

(c) That he return to the hospital regularly for evaluation by the professional staff; and

(d) That, prior to moving into community based housing, he be given eight-hour passes to be used between the hours of 9:00 a.m. and 9:00 p.m. on Saturday or Sunday of each weekend and on federal holidays, so that he may visit his relatives.

5. This motion is not a "second or successive" motion filed over the previous six months within the meaning of D.C. Code § 24-501(k)(5).

6. This motion and the files and records of this case do not conclusively show that Mr. Frye is entitled to no relief within the meaning of D.C. Code § 24-501(k)(3).

7. This motion is directed to the attention of the Honorable Judge Penn because it is undersigned counsel's understanding that he retained the case following Mr. Frye's most recent hearing pursuant to D.C. Code § 24-501(k).

WHEREFORE, Mr. Frye respectfully requests that this Honorable Court hold a hearing

on this motion, make findings of fact and conclusions of law, and then grant this motion.

                Respectfully submitted,

*Laurie B Davis*
Laurie B. Davis
Bar Number 321695
Public Defender Service
Barton Hall, Room 115
Saint Elizabeths Hospital
Washington, DC 200032
(202) 645-4999
Email: ldavis@pdsdc.org

Counsel for Franklin Frye

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served, by mail, upon the Office of the United States Attorney Office for the District of Columbia, Special Proceedings Branch, Felony Trial Division, 555 4th Street, NW, Washington, DC 20001, this 31st day of March, 2005.

*Laurie B Davis*
Laurie B. Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Criminal No. 56-CR-71-1 |
| : | Judge John Garrett Penn |
| FRANKLIN FRYE  : | |
| : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR UNCONDITIONAL RELEASE

I.   The Motion for Release is Proper

An acquittee committed to Saint Elizabeths Hospital, pursuant to D.C. Code § 24-501(d), has an absolute right under § 501(k) to request his release from that commitment. As subsection 501(k)(7) makes evident, the request for release must be made initially by motion rather than by application for Writ of Habeas Corpus.

The statutory prerequisites are satisfied in this case, thus the Court must entertain this motion and hold a hearing. This motion is not a "second or successive" motion within the meaning of D.C. Code § 24-501(k)(5). Additionally, the files and records of this case do not show conclusively that the acquittee is not entitled to any relief. Therefore, D.C. Code § 24-501(k)(3) requires that notice issue to the U.S. Attorney and a prompt hearing be granted.

II.   Mr. Frye is Entitled to Unconditional Release

In order to grant unconditional release, the Court must be satisfied by a preponderance of the evidence that the acquittee is no longer likely to injure himself or others because of mental illness. Dixon v. Jacobs, 138 U.S. App. D.C. 319, 325, 427 F.2d 589, 595 (1970).

5

Mr. Frye submits that the evidence of his progress as a patient since his commitment to the hospital will meet that standard of proof. He has presented no danger to himself or others on the ward, on the hospital grounds, or in the community.

### III. Mr. Frye is Entitled to Conditional Release Should the Court Find That Unconditional Release is Not Warranted.

Should the Court determine that the acquittee is not entitled to unconditional release, the inquiry does not end there. The Court must consider whether the acquittee may be conditionally released.

The standard governing conditional release under D.C. Code § 24-501 is set forth in Hough v. United States:

> [T]he Court must conclude that the individual has recovered sufficiently so that under the proposed conditions--or under conditions which the statute empowers the court to impose 'as (it) shall see fit'--such person will not, in the reasonable future be dangerous to himself or others.

106 U.S. App. D.C. 192, 195, 271 F.2d 458, 461 (1959).

A conditional release order may be proper even where there is a showing that an acquittee, if unconditionally released, would pose some risk to the community:

> As we have construed the conditional release provision of D.C. Code § 24-301(e) [now 24-501(e)], complete recovery from a mental illness is not required. Indeed, for some patients conditional release may be an important and essential part of "recovery".

United States v. Ecker, 156 U.S. App. D.C. 223, 226 n.9, 479 F.2d 1206, 1209 n.9 (1973).

The acquittee is entitled to release under those conditions that are minimally necessary to prevent him from posing a danger to himself or others. One who is acquitted by reason of insanity is neither a criminal, nor a prisoner, but a patient. As a patient he must be given the opportunity to attempt to reassimilate into the community:

> Whatever the method of treatment applied the ultimate goal of therapy for persons involuntarily hospitalized must be to

6

> shore up their capacity to function satisfactorily in the
> unrestricted environment of the outside world. It appears this
> goal is unlikely to be achieved if the patient has little or no
> opportunity for controlled experiments with freedom.

Covington v. Harris, 136 U.S. App. D.C. 35, 43-44, 419 F.2d 617, 625-26 (1969).

"The purpose of involuntary hospitalization is treatment, not punishment." Rouse v. Cameron, 125 U.S. App. D.C. 366, 367, 373 F.2d 451, 452 (1967). The treatment must therefore be suitable treatment in the least restrictive setting consistent with the patient's needs and those of the public:

> [One] who, by reason of insanity is acquitted of a crime and
> ... is committed to a mental hospital is entitled not only to
> treatment, but to treatment in the 'least restrictive alternative'
> consistent with the legitimate purposes of commitment.

Ashe v. Robinson, 146 U.S. App. D.C. 220, 222, 450 F.2d 781, 783 (1971).

Should the Court not be satisfied that the evidence supports an unconditional release order, Mr. Frye submits that release under the conditions proposed in his motion would foster a gradual return to the community, while allowing the hospital to exercise sufficient supervision to protect the community. If the Court is not satisfied that the proposed release incorporates adequate protections, it must determine what additional conditions are minimally necessary. Similarly, should the Court find, based on the record, that Mr. Frye's mental condition could potentially deteriorate in the future to the point that he may present a danger to himself or others, it should nevertheless grant release. As a condition of release, the Court can vest the hospital with authority to detain Mr. Frye summarily for observation, should his mental condition deteriorate or should he violate the conditions of the release. See Brown v. United States, 682 A.2d 1131(D.C. 1996).

7

Case 1:71-cr-00056-JGP   Document 22   Filed 03/31/05   Page 8 of 11

## CONCLUSION

For the above reasons, the acquittee respectfully submits that this Court should issue an order of unconditional release, or, in the alternative, an order of conditional release under the proposed conditions or such other conditions as are minimally necessary based on the record.

Respectfully submitted,

*/s/ Laurie B Davis*
Laurie B. Davis, #321695
Public Defender Service
Mental Health Division
Barton Hall, Room 115
St. Elizabeths Hospital
Washington, DC 20032
(202) 645-4999
email: Ldavis@pdsdc.org

Counsel for Franklin Frye

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :
                          :
v.                        :    Criminal No. 56-CR-71-1
                          :    Judge John Garrett Penn
FRANKLIN FRYE             :
                          :

## ORDER OF CONDITIONAL RELEASE

This matter came before the Court on a motion for conditional release pursuant to D.C. Official Code § 24-501(k) and a letter from the D.C. Department of Mental Health pursuant to D.C. Official Code § 24-501(e). The hospital recommends Mr. Frye be granted a conditional release to visit his family. Mr. Frye was found not guilty by reason of insanity of robbery and committed to Saint Elizabeths Hospital on June 9, 1971. His diagnosed mental illness is Schizoaffective Disorder (Bipolar Type), Alcohol Abuse (in remission in a controlled environment), and Borderline Intellectual Functioning. His psychiatric medications are Zyprexa and Depakote. Since 1971, Mr. Frye has been an inpatient except for three short periods of convalescent leave. He was most recently returned to inpatient status on April 23, 2001, due to mental deterioration. Based on the record in this case and the representations of both counsel, the Court finds that Franklin Frye will not, in the reasonably foreseeable future, present a danger to himself or others because of mental illness if conditionally released as described below. Accordingly, it is this _____ day of _____, 2005, ORDERED that Franklin Frye shall be conditionally released from St. Elizabeths Hospital under the following conditions:

1. Mr. Frye may leave the hospital unaccompanied one weekend day per week between the hours of 9:00 a.m. and 9:00 p.m., and on all holidays between the hours of 9:00 a.m. and 9:00 p.m., to visit his family, including his mother Mildred Winston, and his brother, William Frye. William Frye resides at 4212 Flam Street, Fort Washington, MD and his phone number is 301-449-3763.

2. Mr. Frye shall abide by all laws, not consume alcohol or illegal drugs, not be arrested, and take all medications prescribed to him.

3. If Mr. Frye's mental condition deteriorates, or if he violates the conditions of this release regarding his obligations, he shall be returned to inpatient case at the hospital, with immediate notification to the Court and counsel; and a right to a status hearing within ten days, if requested.

_____
Judge John Garrett Penn

Copies to:

Franklin Frye
JHP 2
St. Elizabeths Hospital
Washington, DC 20032

Laurie Davis
Public Defender Service, Mental Health Division
Barton Hall, 1st Floor
St. Elizabeths Hospital
Washington, DC 20032

Colleen Kennedy, A.U.S.A.
Special Proceedings Branch
U.S. Attorney's Office
Judiciary Center
555 4th St., NW
Washington, DC 20001

William Frye
4212 Flam Street
Fort Washington, MD

Joseph Henneberry
John Howard Pavilion
St. Elizabeths Hospital
Washington, DC  20032