*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**UNITED STATES OF AMERICA**

                                                      **Criminal Action No. 71cr56  (JGP)**

v.

**FRANKLIN FRYE**

**ORDER**

This matter came before the Court on December 19, 2005, upon defendant's motion for unconditional release filed pursuant to D.C. Code §24-501(k)(2001) and Saint Elizabeths Hospital's December 8, 2005, recommendation pursuant to D.C. Code §24-501(e)(2001) for a modification of defendant's conditional release to reside in the community.

On June 2, 1971, defendant was found not guilty by reason of insanity of Robbery and was committed to Saint Elizabeths Hospital for an indeterminate period of time after a <u>Bolton</u> hearing. Defendant carries a diagnosis of Schizoaffective Disorder, Bipolar Type; Alcohol Abuse, in a controlled environment; and Borderline Intellectual Functioning. He is currently taking Zyprexa and Depakote to control his mental illness.

Since his commitment to the Hospital, defendant has primarily been an inpatient residing on various levels of security with the exception of three brief placements on convalescent leave. Most recently, defendant was granted a conditional release on September 13, 1999, which permitted him to reside in the community in Hospital approved housing. On January 8, 2001, he was placed in the community in an Intensive Rehabilitative Residence. However, his mental condition deteriorated rapidly. He violated the home's smoking regulations and concealed a knife in his room. Thus, he was returned to inpatient status on April 23, 2001.

The Hospital indicates in its December 8, 2005 letter that throughout defendant's hospitalization he has been intrusive and oppositional. He frequently distorts reality and has problems adhering to the ward rules. Currently, defendant continues to be meddlesome, obstinate, and has difficulty following the ward's smoking rules. However, the Hospital reports that he responds to clear structure, close supervision, and immediate rewards and consequences. Defendant has been using accompanied and unaccompanied Hospital grounds privileges appropriately. He exercises community privileges with his family and works in the Hospital's Work Adjustment Training Program five days per week. The Hospital opines that defendant is mentally stable and recommends that defendant's 1999 conditional release for convalescent leave be modified in order to permit defendant to receive full outpatient services including psychiatric treatment and medication from the Washington Hospital Center Core Service Agency.

Upon consideration of the representations made by both counsel at the hearing on this matter, and by representatives of Saint Elizabeths Hospital in their letter to the Court, the Court finds that Franklin Frye will not, in the reasonably foreseeable future, present a danger to himself or others because of mental illness if conditionally released as described below.

Accordingly, it is hereby

**ORDERED** that defendant, Franklin Frye, shall be conditionally released from Saint Elizabeths Hospital under the following conditions:

1. Defendant may be placed on convalescent leave at the Hospital's discretion to reside in a Hospital approved 24-hour supervised community residential facility (CRF). The Hospital shall notify the Court and counsel of defendant's address upon his placement in the community as well as any future changes in his address. Upon his placement in the community, the Hospital's outpatient department staff shall contact the CRF operator not

    less than once per week in order to assess defendant's behavior in the CRF and his compliance with the conditions of release.

2. Defendant shall receive psychiatric treatment and medication, case management, medical, employment, and substance abuse services from the Washington Hospital Center Core Service Agency located at Trinity Square, 216 Michigan Avenue, N.E., Washington, D.C. 20017. His assigned case manager is Ms. Dierdre Gladden who can be reached at (202) 877-6373. Defendant's payee for his social security disability income shall be Bread for the City or another organization identified by the Hospital and/or the Core Service Agency.

3. Defendant's case manager shall maintain regular contact with defendant at a frequency of not less than once per week.

4. The case manager shall submit monthly written reports to Saint Elizabeths Hospital with copies to the Court, United States Attorneys Office, and counsel for defendant. The reports shall include documentation as to defendant's treatment and medication compliance including a listing of the prescribed medication and dosages, as well as his progress in the community and compliance with the conditions of his release. Defendant and his case manager, shall meet with the treatment staff at the Hospital once every three months to review his progress and treatment plan.

5. If defendant is assigned a new case manager, the Washington Hospital Center Core Service Agency shall provide written notification to the Hospital of that person's name and telephone number. Any changes in services to a Core Service Agency other than the Washington Hospital Center must be approved by the Court.

6. Defendant shall continue to participate in all therapeutic activities as recommended by Saint Elizabeths Hospital or the Washington Hospital Center Core Service Agency

including his Work Adjustment Training Program assignment at the Hospital.[1] At the Hospital's discretion, defendant may transition to another community based structured activity or employment. The Hospital shall notify the Court and counsel of any changes in defendant's structured daytime activities.

7. If necessary, the case manager shall assist defendant with arranging for transportation to all his appointments and activities. The case manager shall also assist defendant with community living related issues including medication compliance.

8. Defendant may receive psychiatric treatment and medication from the Washington Hospital Center Core Service Agency. However, it shall remain the John Howard Pavilion Outpatient Department and the Department of Mental Health's ultimate responsibility to ensure that defendant receives psychiatric services and medication as clinically indicated. (See attached "Forensic Patient Medication Protocol").

9. Defendant shall report to the John Howard Pavilion Outpatient Department at Saint Elizabeths Hospital once per week for monitoring of his psychiatric condition and compliance with the conditions of release. He shall continue to submit to random drug and alcohol urine testing.

10. Saint Elizabeths Hospital shall provide prior written notification to the Court of defendant's intention to travel more than fifty miles outside the Washington, D.C. metropolitan area.

11. Defendant shall abide by all laws, not consume alcohol or illegal drugs, not be arrested for cause, and take all medications prescribed to him.

12. The Core Service Agency shall immediately notify the Hospital if defendant fails to comply

---

[1] Defendant shall be trained to travel from his CRF to his WATP job prior to his outplacement. Otherwise, the Hospital and/or the Core Service Agency shall arrange for escorted transportation for defendant to travel to and from his job.

with any conditions of release and shall escort him to the Outpatient Department for an evaluation.

13. Saint Elizabeths Hospital shall provide written notification to the Court and counsel if defendant fails to comply with substantial conditions of his release.

14. If defendant's mental condition deteriorates, or if he violates the conditions of this release he shall be returned to inpatient care at the Hospital, with due notification to the Court and counsel.

15. Saint Elizabeths Hospital shall submit a status report to the Court within three months of defendant's outplacement in the community setting forth defendant's progress and compliance with the conditions of release outlined above. After receipt of such report defendant or the government may request a modification in the conditions of release and/or a hearing based upon the report.

**DATE: December 19, 2005**

                                            **JOHN GARRETT PENN**
                                            **United States District Judge**

Copies to:

| | |
|---|---|
| | Joseph Henneberry |
| Laurie Davis, Esq. | John Howard Pavilion |
| Public Defender Service | Saint Elizabeths Hospital |
| Saint Elizabeths Hospital | Washington, D.C. 20032 |
| Barton Hall, First Floor | |
| Washington, DC 20032 | Ms. Deirdre Gladden |
| | Washington Hospital Center CSA |
| Colleen M. Kennedy | 216 Michigan Ave., N.E. |
| Assistant United States Attorney | Washington, D.C. 20017 |
| 555 4th Street N.W. | |
| Room 10-451 | |
| Washington, DC 20530 | |