UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **1:71-CR-56** |
| | ) | **Judge Richard W. Roberts** |
| **FRANKLIN H. FRYE,** | ) | |
| | ) | |
|       **Acquittee.** | ) | |
| | ) | |

## MOTION FOR UNCONDITIONAL RELEASE
## OR IN THE ALTERNATIVE, CONDITIONAL RELEASE

Acquittee Franklin H. Frye, through undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to D.C. Code § 24-501(k), for an order of unconditional release from Saint Elizabeths Hospital. In the alternative, if the Court is not persuaded that an unconditional release is appropriate, Mr. Frye requests a conditional release for an order permitting him to live in the community as an outpatient.

As set forth more fully in the attached Statement of Facts and Memorandum of Law, Mr. Frye was found not guilty by reason of insanity and indefinitely committed to Saint Elizabeths Hospital in 1971, after being charged with Robbery.  Mr. Frye was accused of stealing a necklace that was valued at approximately twenty dollars. He has been at St. Elizabeths Hospital almost continuously since being found not guilty by reason of insanity of that offense. Previous counsel, Laurie B. Davis of the D.C. Public Defender Service, last filed a motion on Mr. Frye's behalf, requesting unconditional release, on April 21, 2008. Over five years later, no response has been filed by any party and no action has been taken by the Court. Mr. Frye last appeared before the Court on December 19, 2005, at which time a motion for Conditional Release was granted. Mr. Frye utilized his conditional release for several months, but was thereafter returned

2

to the Hospital.  Mr. Frye asks that the Court promptly set a hearing and grant this Motion for Unconditional Release, as he has been waiting several years for his case to be heard by the Court.

    Mr. Frye has recovered sufficiently from his mental illness that he would not in the reasonably foreseeable future be dangerous to himself or to others by reason of his mental illness if he is unconditionally released.  In the alternative, Mr. Frye requests that he be conditionally released on convalescent leave, and receive outpatient mental health services in the community.

    Respectfully Submitted,

      /s/ Silvana Naguib            .
Silvana Naguib, Bar No. 1000339
Counsel for Franklin H. Frye
Mental Health Division
Public Defender Service
    for the District of Columbia
633 Indiana Avenue, NW
Washington, DC 20004
(202) 824-2841
(202) 824-2877 (fax)
snaguib@pdsdc.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** )<br>)<br>v. )<br>)<br>**FRANKLIN H. FRYE,** )<br>)<br>   Acquittee. )<br>) | 1:71-CR-56<br>Judge Richard W. Roberts |

### STATEMENT OF FACTS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR UNCONDITIONAL RELEASE

Acquittee Franklin Frye is before the Court on his motion for unconditional release or, in the alternative, conditional release on convalescent leave from St. Elizabeths Hospital. As set forth more fully below, on June 2, 1971, Mr. Frye was found not guilty by reason of insanity in the above-captioned case, on the charge of Robbery. Mr. Frye has not appeared before the Court for consideration of release since 2005, at which time he was granted a conditional relase.

Mr. Frye's previous counsel filed a motion for unconditional release before this Court in April 2008. To date, no response has been filed by any party and no action has been taken by the Court.

### Facts of the Case

Franklin Frye is a 69-year-old man who was charged with Robbery in 1970, before the existence of the District of Columbia Superior Court, which is the court that since 1971 has dealt with offenses under the District's Criminal Code. Mr. Frye was accused of stealing a necklace from a woman on the street. The necklace was valued at $20. *See* Indictment, attached. He was found not guilty by reason of insanity of the charged offense on June 2, 1971. He was initially committed to Saint Elizabeths Hospital. In 1973, the director of St. Elizabeths Hospital

recommended to the Court that Mr. Frye be unconditionally released from his commitment. The court did not grant the hospital's request, instead granting Mr. Frye a conditional release to seek employment. Since 1972, Mr. Frye has sought release from this Court a number of times, and has been granted all manner of conditional releases, including a 2005 conditional release to live in the community. However, for most of the last four decades, Mr. Frye has resided at St. Elizabeths Hospital.

Currently, Mr. Frye has authorization to attend a day program. However, the day program he was attending, at Washington Hospital Center's outpatient program, ended due to funding issues in December 2013. Mr. Frye also has permission to go off hospital grounds with family members and does so whenever a family member is available to escort him. Mr. Frye's older brother, the Reverend William Frye, and his sister, Penny Frye, live in the Washington area. All of these visits have occurred without any significant incident.

In the early years of Mr. Frye's hospitalization, Mr. Frye would sometimes get in fights with other patients, often over money, food, clothing, and the other hotly-desired commodities of institutional life. However, in the last decade, as Mr. Frye has aged, these conflicts have all but vanished. Now, nearing 70, Mr. Frye displays no dangerous behavior of any kind. He is compliant with treatment. At this point in his life, he can safely receive treatment in the community on a voluntary basis. There is no danger that would be posed by releasing Mr. Frye from his commitment.

## **Argument**

Mr. Frye is entitled to have the Court determine his entitlement to release under D.C. Code § 24-501(e) and (k).  He has sufficiently recovered his sanity such that he will not pose a danger to himself or others if unconditionally released, or in the alternative conditionally

released on convalescent leave. Mr. Frye asks that the Court set a prompt hearing on his motion, and grant him unconditional or conditional release.

## I.     D.C. Code § 24-501 authorizes the Court to grant the relief requested.

D.C. Code § 24-501 governs commitment to Saint Elizabeths Hospital of any person who is acquitted of a crime solely by reason of insanity. The statute applies to those who were found not guilty by reason of insanity in the District of Columbia, and its provisions "supersede in the District of Columbia the provisions of any federal statutes or parts thereof inconsistent with this section." D.C. Code § 24-501(h). The statute also governs release from confinement, and provides two avenues to such release: by initiation of the Hospital, pursuant to D.C. Code § 24-501(e), or upon motion by the acquittee, pursuant to D.C. Code § 24-501(k).

One avenue for obtaining Court review of a request for release, set forth in D.C. Code § 24-501(k), provides that an individual committed to the Hospital after being found not guilty by reason of insanity has a right to request release from confinement at any time following the entry of the order of confinement, absent a conclusive showing in the motion or the records of the case that the person is entitled to no relief, and so long as the court has not within the last six months considered such motion. D.C. Code § 24-501(k)(1) – (3) and (5). Such a request for relief must be made initially by application under D.C. Code § 24-501(k) rather than by application for writ of habeas corpus. D.C. Code § 24-501(k)(7). The Court must ensure that proper notice of the motion is served upon the prosecuting authority, "grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." D.C. Code § 24-501(k)(3). If the Court finds by a preponderance of the evidence that the person has met his burden of showing that he is entitled to release under the conditions proposed, the court must enter an order for release as appears appropriate. *Id.*

Mr. Frye's instant motion for conditional release asks that the Court release either conditionally or unconditionally. The records and files of this case do not show conclusively that Mr. Frye is not entitled to relief, nor is this the second or successive motion by Mr. Frye to be considered by the Court in the last six months. In fact, no such motion has been considered by this Court since 2005. Therefore, D.C. Code § 24-501 (k) requires that the Court issue notice to the United States Attorney and set a prompt hearing for consideration of Mr. Frye's unconditional release.

II. **Mr. Frye satisfies the criteria for release enumerated in the law, and the United States cannot show that he will in the foreseeable future be dangerous to himself or others.**

The purpose of commitment under D.C. Code § 24-501 is "treatment, not punishment." *Rouse v. Cameron*, 373 F.2d 451, 452 (1967). "Hospitalization, in this respect, bears no relation to a jail sentence. A jail sentence is to be imposed by the judge within the limits set by the legislature. Hospitalization is remedial and its limits are determined by the conditions to be treated." *Overholser v. Lynch,* 288 F.2d 388, 394 (1961 (en banc), rev'd on other grounds, 369 U.S. 705 (1962). In addition, such treatment must be provided "in the 'least restrictive alternative' consistent with the legitimate purposes of commitment," *Ashe v. Robinson,* 450 F.2d 681, 683 (1971), and the treatment must be tailored to the individual needs of the patient, *Rouse*, 373 F.2d, at 456-7.

The Court can authorize the conditional release of a person committed under D.C. Code § 24-501(d) when it determines that the person "has recovered sufficiently so that under the proposed conditions – or under such conditions which the statute empowers the court to impose 'as (it) shall see fit' – 'such person will not, in the reasonable future be dangerous to himself or others.'" *United States v. Hough,* 271 F.2d 458, 461 (D.C. Cir. 1959).

Mr. Frye, until recently, was going into the community on a regular basis to attend a day treatment program conducted by the Washington Hospital Center. Mr. Frye traveled to and from the program on his own via public transportation and did so for several months without any untoward incident, until the program ended in December 2013. Mr. Frye has not had any incidents of violence in many years. The government cannot show that Mr. Frye will pose a likelihood of danger if he is released from the hospital's care to receive outpatient treatment in the community.  If the Court finds that additional restrictions or supervision are required, it is authorized by the law to impose such additional conditions as it sees fit to protect the public safety.

Mr. Frye requests unconditional release, or if the Court is not convinced that unconditional release is appropriate, conditional release so that he may live in the community and receive outpatient services from a mental health agency affiliated with the Department of Mental Health. Under D.C. Code § 24-501, he is entitled to a prompt hearing on the Hospital's letter and on his motion.

## **Conclusion**

Mr. Frye has been waiting for over five years to have this motion heard by the Court. He therefore asks that the Court order a prompt response by the United States, if it intends to oppose this motion.  He asks that the Court also set a prompt hearing, issue findings of fact and conclusions of law, and order his unconditional release.

Respectfully Submitted,

　　/s/ Silvana Naguib　　　　．
Silvana Naguib, Bar No. 1000339
Counsel for Franklin Frye

Mental Health Division
Public Defender Service
　　　for the District of Columbia
633 Indiana Avenue, NW
Washington, DC 20004
(202) 824-2841
(202) 824-2877 (fax)
snaguib@pdsdc.org

# CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of January, 2014, I caused a copy of the foregoing Statement of Facts and Memorandum of Law in Support of Motion for Unconditional Release to be served upon:

　　Assistant United States Attorney Colleen Kennedy
　　United States Attorneys Office, Special Proceedings
　　555 4th Street, NW, Room 10-451
　　Washington, DC 20530
　　colleen.kennedy@usdoj.gov

by first-class mail, postage pre-paid, and by electronic delivery.

　　　　/s/ Silvana Naguib　　　　．
　　Silvana Naguib