**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | **Criminal No. 71-56** |
| | : | **(RWR)** |
| **FRANKLIN FRYE** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR UNCONDITIONAL OR CONDITIONAL RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion for unconditional or conditional release filed pursuant to D.C. Code §501(k).

**Procedural History**

Defendant was found not guilty by reason of insanity in June 9, 1971, on a charge of Robbery. He was committed to Saint Elizabeths Hospital for an indeterminate period of time following a <u>Bolton</u> hearing.[1]  His diagnosed mental illness is Schizoaffective Disorder, Bipolar Type; Neuroleptic-Induced Tardive Dyskinesia and Parkinsonism, Cognitive Disorder, not otherwise specified, Mixed Receptive-Expressive Language Disorder, and Borderline Intellectual Functioning. He is currently prescribed several medications including Seroquel, Amantadine and Depakote to control his mental illness as well as a number of medications to treat his somatic conditions. Since his commitment to the Hospital defendant has primarily been an inpatient residing on various levels of security with the exception of three brief placements on convalescent leave. He last resided in the community from January 8, 2001 to April 23, 2001.

---

[1] <u>Bolton v. Harris</u>, 395 F.2d. 642 (D.C. Cir 1968).

He was returned to inpatient status at the Hospital after a rapid deterioration in his mental condition which included impaired judgment, suspiciousness, psychotic thinking and escalating dangerous behavior to others.  Moreover, he frequently violated the residence smoking rules, engaged in inappropriate sexual behavior with female peers and initiated verbal arguments with staff and peers.  Although defendant's conditional release to reside in the community was modified on December 20, 2005, he has not been able to exercise this release due to his unstable mental condition and failure to abide by the rules of the inpatient Hospital ward.

On January 8, 2014, defendant filed the instant motion for unconditional release or in the alternative conditional release to reside in the community.  On March 10, 2014, Saint Elizabeths Hospital submitted a letter to the Court and counsel in opposition to defendant's motion for unconditional release.  The Hospital supports defendant's resumption of conditional release privileges to attend community based activities with a gradual progression to convalescent leave.  However, defendant must abide by the Hospital rules and demonstrate an ability to exercise Hospital grounds privileges and staff accompanied community privileges appropriately.  Thus, the Hospital proposes that defendant begin attending a community based day treatment program on a gradually increasing basis.  Once he has demonstrated an ability to abide by the rules of the day program and the Hospital, and provided he remains compliant with his prescribed medication, they will transition defendant to community living in supervised housing.  The government is also opposed to defendant's motion for unconditional release but supports the Hospital's plan for defendant's gradual transition to the community as his mental condition warrants.

### Hospital Course

The Hospital's March 10, 2014, letter to the Court provides an overview of defendant's

Hospital course, mental condition and compliance with recommended treatment since his commitment.   In summary, defendant's inability to comply with Hospital rules and prescribed medication has resulted in his extended confinement to a Hospital setting.   His mental condition has been unstable for many years and he has frequently engaged in verbal and physical aggression towards staff and other patients.   Despite extensive efforts by his treatment team to engage defendant in therapeutic activities, he has failed to do so for over one and a half years.   He continues to display impaired judgment and insight, denies that he is mentally ill and states that he will not take medication if released.   The Hospital records reflect that defendant is currently functioning on the level of a five year old and requires the appointment of a legal guardian to make medical and other decisions for him.   For all of the reasons stated in the Hospital's letter, the government opposes defendant's unconditional release from the Hospital.

## Unconditional or Conditional Release

To obtain an unconditional release, an acquittee must

> "show (1) that he has recovered his sanity and (2) that such recovery has reached the point where he has no abnormal mental condition which in the reasonably foreseeable future would give rise to danger to the petitioner or to the public in the event of his release."

Jackson v. United States, 641 A.2d 454, 456 (D.C. 1994), (quoting Overholser v. O'Beirne, 302 F.2d 852, 854 (1961) (Burger, J.)).   By contrast, in order to grant a conditional release,

> [t]he trial court "must conclude that the individual has recovered sufficiently so that under the proposed conditions -- or under conditions which the statute empowers the court to impose 'as [it] shall see fit' --'such person will not, in the reasonable future be dangerous to himself or others.'"

Jackson, 641 A.2d at 456 (quoting Hough v. United States, 271 F.2d 458, 461 (1959) (interpreting §24-301(e)).   Thus, under D.C. Code §24-501(k), the D.C. Court of Appeals has

3

expressly noted that, for unconditional release, an acquittee must meet a higher standard to protect the public because, by definition of an unconditional release, the court's supervision is being terminated. Jackson, 641 A.2d at 454. To assess whether an insanity acquittee has "recovered his sanity," the trial court must determine under a much broader standard whether the insanity acquittee's "recovery has reached the point where he has no abnormal mental condition which in the reasonably foreseeable future would give rise to danger to . . . [himself] or to the public in the event of his release." United States v. Charnizon, 232 A.2d 586, 588 (D.C. 1967); see also O'Beirne, 302 F.2d at 854.

"Where the evidence weighs equally in favor and against release of the [insanity] acquittee, the court must deny release in order to protect the public's safety." Hearne v. United States, 631 A.2d 52, 54 (D.C. 1993), (quoting DeVeau V. United States, 483 A.2d 307, 314 n.16 (D.C. 1984)). Even if the insanity acquittee "improved materially and appear[ed] to be a good prospect for restoration as a useful member of society, if an 'abnormal mental condition' renders him potentially dangerous, reasonable medical doubts or reasonable judicial doubts are to be resolved in favor of the public and in favor of the subject's safety." United States v. Charnizon, 232 A.2d 586, 588 (D.C. 1967).

A criminal defendant who is found not guilty by reason of insanity, pursuant to D.C. Code §24-501(d)(1), carries the burden of proving that he "will not in the reasonable future be dangerous to [himself] or others." Reese v. United States, 614 A.2d 506, 510 (D.C. 1992); DeVeau v. United States, 483 A.2d 307, 311 (D.C. 1984); Hough v. United States, 271 F.2d 458, 461 (1959). In deciding whether to conditionally or unconditionally release an insanity acquittee, the trial court may consider a wide variety of information, including the insanity acquittee's medical, psychiatric, and behavioral history, all his hospital records, past attempts at

treatment, prior demonstrated behavior, the period of time that has elapsed since acquittee was adjudged unsuitable for release, and all expert and fact witness testimony submitted by the parties.  DeVeau, 483 A.2d at 314-15.

The trial judge may not arbitrarily disregard expert psychiatric testimony presented at the hearing.  Id. at 315.  However, the trial judge is not bound by the experts' opinions since he has the primary responsibility to "balance the competing interests of the [insanity] acquittee's liberty . . . and the community's safety."  Id. at 312, 315.  Similarly, the trial court is not compelled to accept the acquittee's testimony at the hearing.  Hearne, 631 A.2d at 54 n.5.  In reviewing the trial court's decision whether to release an insanity acquittee unconditionally or conditionally, the Court of Appeals will uphold the decision unless it is "plainly wrong or without evidence to support it."  D.C. Code §17-305(a).

## Conclusion

Defendant's motion for unconditional release should be denied.  He has not demonstrated in his present motion, nor can he at a future hearing that he has "recovered his sanity" to such a point that he would not pose a danger to himself or others in the foreseeable future, if released.  Defendant continues to suffer from a mental illness and is prescribed several medications to control his illness.   He has a long history of mental instability, verbal and physical aggression, and non-compliance with recommended treatment and medication.  He has been refusing to participate in treatment groups at the Hospital for over a year and a half and has stated that if he is released he will not take his prescribed medication.  Even while residing on an inpatient ward at Saint Elizabeths Hospital, defendant has been unable to maintain his mental stability and compliance with the ward rules.  To consider unconditional release into the community at this point in his treatment is premature and unsupported by his progress at the

Hospital.

The Government does not oppose the proposed conditional release plan outlined in the Hospitals March 10, 2014 letter to the Court.[2]

Wherefore, for the above reasons and any other reasons the Court may find at a hearing to be set, the government respectfully requests defendant's motion for unconditional release be denied and that the Court adopt the Hospital's proposed plan of gradual reintegration to the community under conditional release, as defendant's mental condition warrants.

        Respectfully submitted,

        RONALD C. MACHEN JR., Bar #447889
        United States Attorney

        *Leslie Ann Gerardo*
        LESLIE ANN GERARDO, Bar #419823
        Chief, Special Proceedings Division

        *Colleen M. Kennedy*
        COLLEEN M. KENNEDY, Bar #354423
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have cause service of the foregoing to be made by sending a copy via the ECF filing system to Sylvana Naguib, Public Defender Service, 633 Indiana Avenue, N.W., Washington, D.C., 20004, snaguib@pdsdc.org   this _____ day of March, 2014.

        *Colleen M. Kennedy*
        COLLEEN M. KENNEDY
        Assistant United States Attorney
        555 4th Street N.W.
        Washington, D.C. 20530
        Colleen.Kennedy@usdoj.gov

---

[2] Pursuant to consultation with defense counsel, it may be possible to submit a Consent Order for conditional release to the Court which reflects the plan outlined in the Hospital's letter.