UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | **Criminal No. 71-56** |
| | : | **(RWR)** |
| **FRANKLIN FRYE** | : | |

**GOVERNMENT'S MOTION TO VACATE REFERRAL OF CASE TO U.S. MAGISTRATE AND REASSIGN TO UNITED STATES DISTRICT COURT JUDGE PURSUANT TO 24 D.C CODE 501 et. seq.**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court vacate its April 9, 2014 referral of the instant case to a U.S. Magistrate to render a recommendation to the Court on defendant's motion for unconditional release, filed on January 8, 2014 pursuant to D.C. Code §501(k), and reassign the case to a U.S. District Court Judge.

**Procedural History**

Defendant was found not guilty by reason of insanity in June 9, 1971 on a charge of Robbery. He was committed to Saint Elizabeths Hospital for an indeterminate period of time following a Bolton hearing.[1]  His diagnosed mental illness is Schizoaffective Disorder, Bipolar Type, Neuroleptic-Induced Tardive Dyskinesia, Parkinsonism, Cognitive Disorder, not otherwise specified, Mixed Receptive-Expressive Language Disorder, and Borderline Intellectual Functioning. He is currently prescribed several medications including Seroquel, Amantadine and Depakote to control his mental illness as well as a number of medications to treat his somatic conditions.  Since his commitment to the Hospital defendant has primarily been an inpatient

---

[1] Bolton v. Harris, 395 F.2d. 642 (D.C. Cir 1968).

1

residing on various levels of security with the exception of three brief placements on convalescent leave. He last resided in the community from January 8, 2001 to April 23, 2001. He was returned to inpatient status at the Hospital after a rapid deterioration in his mental condition which included impaired judgment, suspiciousness, psychotic thinking and escalating dangerous behavior to others. Although defendant's conditional release to reside in the community was modified on December 20, 2005 he has not been able to exercise this release due to his unstable mental condition and failure to abide by the rules of the inpatient Hospital ward.

On January 8, 2014 defendant filed the instant motion for unconditional release or in the alternative conditional release to reside in the community pursuant to 24 D.C. Code 501(k). On March 10, 2014 Saint Elizabeths Hospital submitted a letter to the Court and counsel pursuant to 24 D.C. Code 501(e) in opposition to defendant's motion for unconditional release. However, the Hospital stated in the letter its support of defendant's gradual conditional release into the community, as his mental health warrants, pursuant to 24 D.C. Code 501(e) (a copy of the Hospital's March 10, 2014 letter is located in the Court file). The Hospital proposes that defendant begin attending a community based day treatment program on a gradually increasing basis. On March 13, 2014 the Government filed its opposition to defendant's motion for unconditional release but noted its lack of opposition to the Hospital plan of allowing defendant to begin a gradual conditional release into the community, as his mental condition warrants.

On April 9, 2014, this Court referred the case to U.S. Magistrate Judge Robinson to hold a hearing and make findings of fact and a recommendation regarding the defendant's motion for unconditional release.

**THERE IS NO AUTHORITY PURSUANT TO STATUTE AND/OR COURT RULES ALLOWING A MAGISTRATE TO CONDUCT A HEARING FOR THE CONDITIONAL OR UNCONDITIONAL RELEASE OF A DEFENDANT FOUND NGI (NOT GUILTY BY REASON OF INSANITY) PURSUANT TO 24 D.C. CODE 501 et.seq.**

United States Magistrates appointed by the U.S. District Court have a range of duties that are specifically delineated by statute and Court rules. Specifically, 18 U.S.C. 3401, 28 U.S.C. 636 and Rules 3-8 of the U.S. District Court Rules specify the matters over which a Magistrate may preside. There is no authorization, in law or rule, that authorizes a Magistrate to preside over a fact finding hearing and recommendation for post-acquittal proceedings pursuant to 24 D.C. Code 501(k) or (e), either by means of a waiver by the defendant of his right to have his case heard by a Judge of the U.S. District Court, or by judicial designation.

The Government is unaware of any post-acquittal NGI case filed pursuant to 24 D.C. Code 501(e) or (k) that has been heard by a Magistrate Judge in the District of Columbia United States District Court. The only case in the United States District Court for the District of Columbia that was in the same posture as the instant case is U.S. v. James Blackman, Crim No 208-73. There the defendant was also found NGI and the case was referred by the late Honorable Judge Richey to Magistrate Robinson on October 16, 1989, for findings of fact and recommendation. Upon objection by the defense and joined by the Government, the referral was vacated and the case was reassigned to The Honorable Penfield Jackson who held a hearing and ruled on the matter on November 29, 1989. (See Government Exhibit 1, October 16, 1989 Order of Judge Richey assigning case to Magistrate Judge Robinson; See Government Exhibit # 2, Notice of hearing scheduled before Judge Robinson on November 29, 1989; Government Exxhibit # 3, November 29th, 1989 Order of Judge Penfield Jackson granting expansion of defendant's conditional release after a hearing).

Additionally, any referral of NGI cases to a Magistrate will cause unnecessary delay for a defendant who is entitled to a prompt hearing, if an appeal is taken of the Magistrate's findings and recommendation to be heard by A District Court Judge. Should an appeal be lodged, any further de novo or supplemental hearing will undercut the value of having first referred the matter to a Magistrate as a time saving measure.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the referral to Magistrate Robinson in the instant case be vacated and the case be reassigned to a U.S. District Court Judge.

Respectfully submitted,

RONALD C. MACHEN JR., Bar #447889
United States Attorney

*Leslie Ann Gerardo*
LESLIE ANN GERARDO, Bar #419823
Chief, Special Proceedings Division

*Colleen M. Kennedy*
COLLEEN M. KENNEDY, Bar #354423
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have cause service of the foregoing to be made by sending a copy via the ECF filing system to Silvana Naguib, Public Defender Service, 633 Indiana Avenue, N.W., Washington, D.C., 20004, snaguib@pdsdc.org   this   25th   day of April, 2014.

*Colleen M. Kennedy*
COLLEEN M. KENNEDY
Assistant United States Attorney
555 4th Street N.W.
Washington, D.C. 20530
Colleen.Kennedy@usdoj.gov