**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
UNITED STATES OF AMERICA,       )
                                          )
           v.                    )   Criminal Action No. 71-56 (RWR)
                                          )
FRANKLIN FRYE,                   )
                                          )
           Defendant.            )
_____ )

<u>**MEMORANDUM ORDER**</u>

Defendant Franklin Frye is currently being detained at
Saint Elizabeths Hospital after being found not guilty by reason
of insanity in 1971.  The government now moves to vacate the
referral of Frye's motion for unconditional release to a
magistrate judge, claiming that a magistrate judge does not have
authority to review Frye's motion.  Because a magistrate judge's
preparation of a report and recommendation is neither prohibited
by law nor inconsistent with the Constitution and laws of the
United States, and will aid in resolution of this matter, the
government's motion will be denied.

Since Frye's detention at Saint Elizabeths Hospital, Frye
has made multiple requests for conditional and unconditional
release.  Frye most recently filed a motion for unconditional
release on January 8, 2014.  On January 13, 2014 the government
was ordered to respond to Frye's motion.  After the government
filed an opposition to Frye's motion for unconditional release,

Frye's motion was referred to a magistrate judge to prepare a report and recommendation.

Magistrate Judge Deborah Robinson held a status hearing on April 17, 2014.  At the hearing, the government stated that it opposed the referral to a magistrate judge and planned to file a motion to vacate the referral.  Frye's counsel objected to vacating the referral and stated that Frye would oppose a motion to vacate the referral.  The government filed a motion to vacate the referral to a magistrate judge on April 25, 2014.  Govt.'s Mot. to Vacate Referral of Case to U.S. Magistrate and Reassign to U.S. Dist. Court Judge Pursuant to 24 D.C[.] Code 501 et[] seq. ("Gov't Mot.").

The government asserts that "United States Magistrates appointed by the U.S. District Court have a range of duties that are specifically delineated by statute and Court rules."  Gov't Mot. at 3 (citing 18 U.S.C. § 3401; 28 U.S.C. § 636; U.S. Dist. Court Rules 3-8).  Consequently, because the government finds "no authorization, in law or rule, that authorizes a Magistrate to preside over a fact finding hearing and recommendation for post-acquittal proceedings pursuant to 24 D.C. Code 501(k) or (e)," the government claims the referral must be vacated.  Id.

Under 28 U.S.C. § 636, "a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed

findings of fact and recommendations for the disposition, by a judge of the court[.]" 28 U.S.C. § 636(b)(1)(B). The text of § 636 contains a list of what may be referred to a magistrate judge. 28 U.S.C. § 636(b). However, the examples § 636(b) sets out are, as the statute itself once stated ("The additional duties authorized by rule may include, but are not restricted to . . . ."), not exclusive. Mathews v. Weber, 423 U.S. 261, 266-67 (1976) (citing 28 U.S.C. § 636(b)). "[I]n enacting the Magistrates Act[, Congress] manifested its intention to create a judicial officer and to invest in him [or her] the power to furnish assistance to a judge of the district court." H.R. REP. No. 94-1609, at 6 (1976); see also S. REP. No. 92-1065, at 3351 (1972). The current § 636(b)(3) authorizes a magistrate judge to "be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). That "enables the district courts to continue innovative experimentations in the use of this judicial officer" as Congress intended. H.R. REP. No. 94-1609, at 12. This power has been interpreted to permit a magistrate judge to hold a hearing and "propose recommendations for . . . applications for post-trial criminal relief[.]" Gonzalez v. United States, 553 U.S. 242, 245 (2008) (citing 28 U.S.C. § 636(b)(1)).

Although a magistrate judge can hold an evidentiary hearing and submit a report and recommendation to a district court

judge, "the magistrate has no authority to make a final and binding disposition." <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>see also</u> <u>Elgin v. Dep't of Treasury</u>, 132 S. Ct. 2126, 2138 (2012) ("[Magistrate judges] are powerless to issue a final ruling on [dispositive pretrial] motions." (citing 28 U.S.C. § 636(b)(1)(A)–(B); <u>Raddatz</u>, 447 U.S. at 673)). "The Act's sponsors made it quite clear that the magistrate acts 'under the supervision of the district judges' when [the magistrate] accepts a referral, and that authority for making final decisions remains at all times with the district judge." <u>Mathews</u>, 423 U.S. at 270 (citations omitted).

Here, Frye's motion for unconditional release was referred to a magistrate judge for a report and recommendation. Because Frye's motion is an application for post-trial relief, a magistrate judge can hear and provide recommendations to the district court judge. <u>Gonzalez</u>, 553 U.S. at 245 (citing 28 U.S.C. § 636(b)(1)). The district court judge, though, maintains the authority to make a final decision on the motion.

> The district judge is free to follow [the magistrate judge's report and recommendation] or wholly to ignore it, or, if [the district judge] is not satisfied, he may conduct the review in whole or in part anew. The authority and the responsibility to make an informed, final determination, we emphasize, remains with the judge.

<u>Mathews</u>, 423 U.S. at 271. Permitting a magistrate judge to first issue a report and recommendation "puts before the

district judge a preliminary evaluation of the cumulative effect
of the evidence in the record, to which the parties may address
argument, and in this way narrows the dispute."  Id.  Further,
"nothing in the legislative history of the statute . . .
require[s the district court judge] to rehear the contested
testimony in order to carry out the statutory command to make
the required 'determination.'"  Raddatz, 447 U.S. at 674
(footnote omitted).  "In short, [magistrate judges] render
valuable assistance to the judges of the district courts,
thereby freeing the time of [district court] judges for the
actual trial of cases."  S. REP. No. 92-1065, at 3351.

The government points to developments in United States v.
Blackman, Crim. Action No. 73-208 (D.D.C. Oct. 16, 1989), to
support its motion to vacate the referral to a magistrate judge.
Blackman is a 1973 case in which a district court judge referred
a motion for conditional release to a magistrate judge for a
recommendation.  Id.  However, according to the government, the
hearing on the motion was restored to the district court judge's
calendar following objections to the referral by both parties.
Gov't Mot. at 3 (citing Gov't Mot. Exs. 1-3).[1]

---

[1] However, none of the exhibits the government has provided
states that the district court judge held the hearing.  Instead,
a district court judge's order states that "the Court heard
testimony" at a hearing on November 29, 1989.  United States v.
Blackman, Crim. Action No. 73-208 (D.D.C. Nov. 29, 1989).  This
language is ambiguous in light of a notice from the Clerk's

- 6 -

One district court judge's choice to refer or not refer to a magistrate judge a motion for conditional release is not binding on another district court judge.  Am. Elec. Power Co., Inc. v. Connecticut, 131 S. Ct. 2527, 2540 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court.").  The "discretionary power [in § 636(b)] to assign additional duties to a magistrate . . . is vested in a judge of the district court rather than in a majority of all the judges of the court."  H.R. REP. No. 94-1609, at 9.  The legislative history noted that "[s]ince assignments are frequently made in individual cases, or on an ad hoc basis, it seems preferable to vest the power [to assign duties to a magistrate judge] in a single judge who can execute any required order of assignment or reference."  Id.  In this way, a single district court judge has the discretionary power to decide which matters to refer to a magistrate judge for a report and recommendation.  Moreover, the facts in Blackman are distinguishable.  Frye, unlike the defendant in Blackman, does not object to referring the motion to a magistrate judge, further weakening Blackman's use even as guidance.  The government makes no showing that having a magistrate judge

Office setting the November 29, 1989 hearing on Magistrate Judge Robinson's calendar.  Notice, United States v. Blackman, Crim. Action No. 73-208 (D.D.C. Nov. 6, 1989).

prepare a report and recommendation on Frye's motion for
unconditional release is "inconsistent with the Constitution and
laws of the United States."  28 U.S.C. § 636(b)(3).  Thus, this
matter may be assigned to a magistrate judge.

Lastly, the government argues that "any referral . . . will
cause unnecessary delay for a defendant who is entitled to a
prompt hearing, if an appeal is taken of the Magistrate's
findings and recommendation to be heard by [a] District Court
Judge."  Gov't Mot. at 4.[2]  If a defendant files a motion for
unconditional release, "[u]nless the motion [for release] and
the files and records of the case conclusively show that the
person is entitled to no relief," a defendant is entitled to
have the court "grant a prompt hearing . . ., determine the
issues, and make findings of fact and conclusions of law[.]"
D.C. Code § 24-501(k)(3).  The government has not yet
demonstrated that the record shows that Frye is entitled to no
relief, so Frye's motion requires a prompt hearing to resolve
factual and legal issues.  Referring this case to a magistrate
judge to hold an evidentiary hearing before waiting for Frye to
file a formal opposition to the government's motion to vacate

---

[2] The government's concern for the defendant's ability to
have a prompt hearing is appropriate, although the government
took two months to respond to Frye's current motion for
unconditional release.  In addition, the docket reflects that
the government failed to respond at all to Frye's 2008 motion
for unconditional release.

the referral facilitates a "prompt hearing."  Denying the
government's motion allows the parties to move with dispatch in
setting a date for a hearing in front of Magistrate
Judge Robinson to develop the factual and legal issues in Frye's
motion.  Even in the event that one or both of the parties
challenge the magistrate judge's report and recommendation, the
district court judge would have the authority to decide the
motion without taking time to hold an additional hearing if
another hearing was not needed.  Raddatz, 447 U.S. at 674-76.
Thus, this final government argument does not warrant vacating
the referral.  Accordingly, it is hereby

   ORDERED that the government's motion [32] to vacate the
referral of the case to a United States magistrate judge and
reassign the case to the United States district court judge be,
and hereby is, DENIED.  Magistrate Judge Robinson may hold a
prompt hearing in order to prepare a report and recommendation.

   SIGNED this 8th day of May, 2014.


                         _____/s/_____
                         RICHARD W. ROBERTS
                         Chief Judge